UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-7726 FMO (MRWx) | Date | November 1, 2016 |
|---|---|---|---|
| Title | Maha Visconti v. John Visconti | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:**     (In Chambers) Order to Show Cause Re: Dismissal of Action

On October 17, 2016, plaintiff Maha Visconti ("plaintiff" or "Visconti") filed a complaint in this court against her ex-husband John Visconti ("defendant"), asserting two purported claims for: (1) "extreme emotional distress[;]" and (2) a "prohibitory injunction" preventing enforcement of a state court judgment granting custody of plaintiff's child to defendant. (See Dkt. 1, Complaint at ¶¶ 8-15). Plaintiff asserts that this case falls within the court's diversity jurisdiction under 28 U.S.C. § 1332. (See id. at ¶ 1).

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction [and] showing that the pleader is entitled to relief[.]" Rule 8(a)(1)-(2). Further, under Rule 12(b)(6), a complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). The court may sua sponte dismiss a complaint pursuant to Rule 8(a) or Rule 12(b)(6). See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1129 (9th Cir. 2008) ("[Rule] 41(b) authorizes a district court to dismiss a complaint . . . for failure to comply with Rule 8(a)."); Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6).").

With respect to plaintiff's first claim, California law does not recognize a cause of action for "extreme emotional distress." Rather, California law recognizes claims for intentional infliction of emotional distress ("IIED"), see Cervantez v. J.C. Penney Co., 24 Cal.3d 579, 593 (1979) (defining the elements of an IIED claim), or for negligence. See Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 984-95 (1993) (holding that, while "there is no independent tort of negligent infliction of emotional distress[,]" a plaintiff may bring a comparable claim for negligence when "the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object" or when "the emotional distress arises out of the defendant's breach of some other legal duty"). Plaintiff has not alleged facts sufficient to meet the elements of an IIED or negligence claim. (See, generally, Dkt. 1, Complaint).

With respect to plaintiff's second claim for injunctive relief pertaining to the custody of her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-7726 FMO (MRWx)** | Date | **November 1, 2016** |
|---|---|---|---|
| Title | **Maha Visconti v. John Visconti** | | |

child, it is well-settled that "the domestic relations exception [to the diversity statute] divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). The complaint does not address the domestic relations exception, (see, generally, Dkt. 1, Complaint), and therefore does not set forth "a short and plain statement of the grounds for the court's jurisdiction" pursuant to Rule 8(a).

Based on the foregoing, IT IS ORDERED THAT:

1. If plaintiff still wishes to pursue this action, she is granted until **November 16, 2016**, to file a First Amended Complaint that: (A) sets forth enough facts to state a claim to relief that is plausible on its face under Rule 12(b)(6); and (B) demonstrates that the court may properly exercise jurisdiction pursuant to Rule 8(a).

2. The First Amended Complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 16-7726 FMO (MRWx). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make her First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

3. Plaintiff is cautioned that failure to timely file the First Amended Complaint will result in this action being dismissed without prejudice for failure to prosecute, failure to comply with a court order, and failure to comply with Rule 8(a). See Fed. R. Civ. P. 8(a) & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003).

4. This Order to Show Cause shall be taken under submission pending the court's review of plaintiff's First Amended Complaint.

5. The court notes that plaintiff's counsel Anthony E. Contreras ("Contreras") has filed a Request for Approval of [] Withdrawal of Counsel (Dkt. 10, "Request"), which is currently pending. Contreras seeks to withdraw as Visconti's counsel so that Visconti can proceed pro se. In the event the court grants Contreras's request to withdraw, Contreras shall serve Visconti with a copy of this Order and advise Visconti that she must file a First Amended Complaint by the deadline set forth above, or else this action will be dismissed.

| | Initials of Preparer | vdr |
|---|---|---|